IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHRISTOPHER H. ALANIZ, PRO SE, <br> TDCJ-CID No. 1180890, <br><br> Plaintiff, <br><br> v. <br><br> GREGORY L. PHIFER, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § 2:11-CV-0079 <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff CHRISTOPHER H. ALANIZ, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted leave to proceed *in forma pauperis*.

Plaintiff claims that his defense counsel, defendant PHIFER, while representing plaintiff in the case(s) for which he is presently incarcerated, "gave false stmnts [sic], lied to Court, failed to prove innocence failed to investigate witness, coerced his client [plaintiff], threatened his client [plaintiff] to give false statements to court."

Plaintiff requests the Court "to hear witness statement and decide if it prove innocences [sic] of case that plaintiff serves time."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The relief plaintiff requests, for the Court to review a witness statement and decide whether it proves plaintiff's innocence, is not available. It appears that, having lost his federal habeas action, cause no. 2:05-CV-0190, plaintiff is attempting a further collateral attack through civil rights. If plaintiff wants relief from his conviction, he must seek such relief through habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

federal courts case in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

Moreover, two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Plaintiff cannot show the defendant was acting under color of law when he committed the acts plaintiff alleges.

Plaintiff does not inform the Court whether defendant PHIFER was court-appointed counsel or was retained to represent plaintiff. If attorney PHIFER was retained counsel, he was not acting under color of state law. *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). Alternatively, assuming attorney PHIFER was court-appointed defense counsel, this fact does not supply that requirement of state action. *McCoy v. Gordon*, 709 F.2d 1060, 1062 (5th Cir. 1983), *cert. denied*, 472 U.S. 1030, 105 S.Ct. 3507, 87 L.Ed.2d 637 (1985); *United States ex rel Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (*per curiam*).

For all the reasons set forth above, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff GREGORY L. PHIFER is DISMISSED WITH

PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____14____ day of December, 2011.

MARY LOU ROBINSON
United States District Judge